IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBROSE SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-72-JJF |
| | ) | |
| WARDEN THOMAS CARROLL, | ) | JURY TRIAL REQUESTED |
| TRACI JOHNSON, ELIZABETH | ) | |
| BURRIS, AND DAVID HOLMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CARROLL, BURRIS AND HOLMAN'S ANSWER TO THE AMENDED COMPLAINT

COME NOW Defendants Warden Thomas Carroll, Elizabeth Burris and David Holman ("Defendants"), by and through the undersigned counsel, and hereby answer the Complaint as follows:

Exhaustion of Administrative Remedies

Denied that Plaintiff exhausted his administrative remedies.

Statement of Claim:

1.  Admitted that from November 30, 2004 until July 7, 2005 Plaintiff was housed in the Pre-Trial Unit. Admitted that on July 7, 2005 Plaintiff was moved to the detainee tier in SHU # 18, where he remained until September 21, 2006, when he was moved to the tier designated for death sentence inmates in SHU # 18. Denied that the detainee tier in SHU # 18 is a disciplinary housing unit. Denied that Plaintiff was moved to the detainee tier in SHU # 18 "without cause or reason." Defendants are without

sufficient information to admit or deny the remaining allegations set forth in this paragraph.

2. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

3. Denied.

4. Denied.

## RELIEF

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Defendants are immune from liability under the Eleventh Amendment.

6. Defendants are entitled to qualified immunity.

7. As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacities.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendant Brian Emig

Date: December 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2006, I electronically filed *Defendants' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on December 22, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Ambrose Sykes.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us