In The United States District Court
For The District of Delaware

Ambrose L. Sykes
    Plaintiff,

v.

Warden Thomas Carroll
Traci Johnson, Elizabeth
Burris, David Holman
    Defendants

24 January 2007

C.A. No. 06-72-JJF



In Support of Claims

    The Pre Trial SHU is a housing unit used to house pre trial detainees with major disciplinary issues, detainees in transition from isolation (The Hole) and individuals the prison administration arbitrarily decides should be there with no distinction between the groups in terms of treatment, rights or privileges. All SHU detainees are allowed to spend only 15 dollars every other week. SHU detainees are allowed only 1 10 minute phone call a week. SHU detainees were not allowed televisions. SHU detainees are allowed only 2 hours 15 minutes out of cell exercise per week, 45 minutes 3 times a week.

    The unconstitutionally harsh conditions served no other purpose than to punish and is multiplied by the fact that conditions for detainees held in the Pre Trial SHU are worse than those of sentenced/convicted inmates housed in the same building.

• Unlike convicted prisoners who constitutionally can not be subjected to cruel and unusual punishment, pre trial detainees can not be

punished at all before adjudication of guilt. (Due Process)

- At least 5 hours of exercise and 1 shower a week is required by (U.S.CA Const. Amend 8) for inmates segregated more than 90 days. (Wells v. Frazen 777 F.2d 1258)
- Placing pretrial detainee in administrative segregation is unconstitutional punishment where there is no evidence detainee is engaged in any conduct suggesting a serious threat to life, property, self, staff other inmates or institutional security. (U.S.CA. Const. Amend. 5, 14.) (Boudin v. Thomas 533 F. Supp 786.)

Plaintiff was not provided with a written explanation as to why he was confined in administrative detention nor was he given notice of or given an opportunity to attend any hearing related to his confinement.

- Before a prisoner can be confined in maximum security conditions for administrative reasons prison officials must provide at a minimum, procedural safeguards equivalent to those used in prison discipline cases. (U.S.CA. Const. Amend. 5) (Brown, 486 F. Supp 364)

There was never any review of the Plaintiff's status in the Pre Trial SHU.

- Supreme Court of the United States has held that prison officials must engage in some sort of periodic review of the confinement of prisoners subjected to indefinite segregation. (Hewitt, 459 U.S. 477)

Response to defendant's claim Plaintiff failed to state a claim upon which relief can be granted.

The Court has already found the Plaintiff has raised a cognizable claim against the defendants noted in the Courts order dated 12 Apr 06 and the court's order dated 21 July 06.

Response to defendant's claim Plaintiff to exhaust his administrative remedies.

27 oct 05 Plaintiff filed a grievance for the issues stated in this claim. Grievance was returned marked non grievable in accordance with Doc Policy 4.4. DOC Policy 4.4 sets forth no guide lines for non grievable issue, simply saying they have their own process. The inmate housing rules for grievances hides behind the same language, even goes as far as saying 'The grievance process is an institutional remedy' infering the Plaintiff's issues didn't apply.

The Plaintiff talked to Traci Johnson periodically. Johnson told Plaintiff there's nothing he could do because it was policy although there was other detainees with 1st degree murder charges that remained in regular pre trial.

5 nov 05 Plaintiff appealle to Thomas Carroll and David Holman in the form of a letter, one written to each of them explaining Plaintiff had not done anything to be placed in the SHU and asked

that regular Pre Trial Status be reinstated. The defendants took a stance of acquiscence by not responding or changing the Plaintiff's status.

Response to defendants claim they are immune from liability under the Eleventh Amendment and are entitled to sovereign immunity in their official capacities.

Defendants are not entitled to sovereign immunity nor are they entitled to immunity under the Eleventh Amendment as this action is brought in their individual capacities for compensatory and punitive damages.

Prison officials may claim they are protected by the Eleventh amendment/Sovereign immunity because they are acting in there official capacities even if they are sued in their individual capacities. The Supreme Court has rejected this argument. (Hafer v. Melo 502 US, 112 S.Ct 358) (Carter v. Brady WL 34368378 D.Del. Mar 30 2001)

Response to defendants claim they are entitled to qualified immunity.

Qualified immunity ~~protected~~ protects public officials from civil liability insofar as their conduct does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known.

The clearly established precedent, as set forth in Bell, pre trial detainees are not to be punished prior to an adjudication of guilt. (Bell v. Wolfish 441 US 520)

The level of process required before a pre trial detainee can be deprived of a liberty interest has long been established with Wolff, a bare minimum the same procedural safe guards as required for disciplinary matters. (Wolff v. McDonnell 418 US 539)

The Court concluded, if a prisoner's confinement under administrative segregation was of potentially limitless duration prison official must engage in some sort of review as a matter of Due Process. (Hewitt v. Helms 459 US 460)

If the court finds the defendants violated any or all of these statutes the defendants are not entitled to qualified immunity.

    Response to defendants claim they are entitled to immunity under the State Tort Claims Act 10 Del. C. § 4001 et seq..

In a case (42 USC § 1983) involving a prison inmate suing State officials the doctrine of Sovereign immunity and the Delaware State

Tort Act 10 Del. C. § 4001 et seq; did not apply to claims seeking redress for federally protected rights. (Carter v. Brady WL 34368378 (D. Del. Mar 30 2001)

    Response to defendants claim they can not be held liable in the absence of personal involvment and to the extent the Plaintiff seeks to hold the defendants liable based on supervisory responsibility the doctrine of respondeat Superior or vicarious is not a basis for liability in an action under 42 USC § 1983.

The general rule is that a person who is not the moving force behind the Constitutional violation escapes liability unless that person has exhibited deliberate indifference to the plight of the person deprived. When it comes to defendants Carroll, Holman and Johnson, they are named because of their direct involvment and does not implicate them by the actions and or omissions of the defendant's Subordinates or Supervisors. They face liability because the record, when read in the light most favorable to the Plaintiff can support a finding that the defendants were diliberately indifferent to the Plaintiff's plight because of their inaction.

The defendants, including Burris, may be held liable if they set in motion a series of events that they knew or reasonably should have known would cause a constitutional violation even if others actually performed the violations. (Greason v. Kemp 891 F.2d 829, 836)

> Response to defendant's claim in there official capacities, they are not liable for alleged violations of the Plaintiff's constitutional rights as they are not the persons within meaning of 42 USC § 1983.

The response to this is the same as the response to the sovereign immunity claim.

> Response to the defendant's claim of insufficiency of service of process and of process.

As per the letter from Clerk Dalleo, the Clerk of Court was able to forward the U.S. Marshal forms along with Complaint in accordance with the Court's order means the Plaintiff followed the Courts order for service. Letter dated 20 Oct 06.

> Response to lack of jurisdiction over the person and subject matter.

Every person who, under the color of law subjects or causes to be subjected an person within the jurisdiction of the United States to the deprivation of any rights secured by the Constitution and laws shall be liable to the injured party in an action at law or suit in equity... (42 USC § 1983)

The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the

United States. (28 USCA § 1331)

Wherefore, the Plaintiff respectfully request that judgment be granted in his favor against the defendants.

Respectfully,
Ambrose L. Sykes
Plaintiff.

24 January 2007

I certify that I caused a copy of this response to be delivered upon the defendant's attorney Eileen Kelly mailed by the United States Postal Service today 24 Jan 07.

Ambrose L. Sykes

I/M Ambrose L. Sykes
SBI# 296124    UNIT 18 A L5
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Judge Joseph Turner
United States District Court
844 N. King st Lockbox 18
Wilmington, Delaware
19801