IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Ambrose Sykes,                :
                              :
     Plaintiff,               :
                              :
v.                            :   Civil Action No. 06-72-JJF
                              :
Thomas Carroll, et al.,       :
                              :
     Defendants.              :

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion For Appointment of Counsel (D.I. 23). For the reasons discussed, the Motion will be denied.

**I.   Background**

Plaintiff Ambrose Sykes is a _pro se_ litigant. From November 29, 2004 until July 7, 2005, Plaintiff was incarcerated as a pretrial detainee at the Delaware Correctional Center ("DCC") in Smyrna, Delaware after being charged with the crime of murder. On July 7, 2005, he was moved to the detainee tier in SHU #18 (isolation) where he remained until September 21, 2006, at which time he was moved to the tier for death sentence inmates in SHU #18. Plaintiff alleges that this move was unwarranted and in violation of his Eighth Amendment right against cruel and unusual punishment.

**II.   Discussion**

Although indigent parties in civil cases do not have a constitutional or statutory right to appointed counsel, 28 U.S.C.

§ 1915(e)(1) affords district courts discretion to request counsel to represent indigent parties. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); 28 U.S.C. § 1915(e)(1). In Tabron v. Grace, the Third Circuit established a six factor test to determine when it is appropriate for the court to request counsel for an indigent party. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If the litigant's case has arguable merit in fact or law, a court should then examine:

1) The plaintiff's ability to present his case;
2) The difficulty of the legal issues;
3) The degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation;
4) The plaintiff's ability to retain counsel on his own;
5) The extent to which the case is likely to turn on credibility determinations; and
6) Whether the case will require expert testimony.

Id. at 155-157. These factors are not exhaustive, but when most of them have been satisfied a court should attempt to obtain counsel. Parham, 126 F.3d at 461. Keeping in mind the practical considerations cited above and exercising the broad discretion available to the Court under Section 1915(e)(1), the Court concludes that appointment of counsel is not warranted at this time.

Plaintiff's case has survived a screening for frivolousness, thereby meeting the "arguably meritorious" threshold requirement to invoke consideration of the Tabron factors. Considering these factors, the Court first concludes that Plaintiff possesses some

knowledge of the legal system. He has demonstrated an ability to present his case through his various filings and responses to motions. Plaintiff has made a number of pro se filings which clearly and articulately outline his claims against Defendants. Furthermore, at this early juncture in the case, there is no evidence that Plaintiff cannot maneuver the Court's discovery rules or that his confinement will hinder his ability to argue his claims. In addition, the issue raised by Plaintiff's complaint and the proof needed to support his claims are not complex. To succeed on his claims, Plaintiff needs only prove that the nature of his incarceration did not warrant pretrial isolation. Although Plaintiff's ability to pursue a factual investigation of his claims will be difficult due to the restrictions of isolation, his case does not require extensive factual investigation. The events surrounding Plaintiff's present allegations all occurred within the institution and most of the primary facts in this case are not in dispute, mitigating any investigative difficulties that may arise while Plaintiff remains in isolation. The Court concludes that Plaintiff's claims as alleged are also not likely to turn on credibility determinations, further weighing against appointment of counsel. The parties do not dispute Plaintiff's contention that he did not cause any major incidents prior to being placed in isolation. There is also no dispute over the restrictions that are placed on

detainees housed in isolation. Further, the Court concludes that expert testimony is not necessary in this case, as the issues are not so complex as to require any expert opinions. Finally, though Plaintiff lacks the funds to retain counsel, this factor carries little weight in deciding whether to appoint counsel, because indigent litigants will almost always be able to satisfy it. Gordon, 2007 U.S. App. LEXIS 9922 at *11. Thus, the Court concludes that Plaintiff has not sufficiently satisfied the Tabron factors at this juncture, and therefore, counsel should not be appointed at this time.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 19 day of June, 2007, that Plaintiff's Motion For The Appointment Of Counsel (D.I. 23) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE