```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

AMBROSE SYKES,                  :
                                :
        Plaintiff,              :
                                :
    v.                          :    Civil Action No. 06-72-JJF
                                :
THOMAS CARROLL, et al.,         :
                                :
        Defendants.             :
```

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Renewed Motion For Appointment of Counsel (D.I. 33). For the reasons discussed, the Motion will be denied.

### I.   Background

Plaintiff Ambrose Sykes is a pro se litigant. After being charged with the crime of murder, he was incarcerated as a pretrial detainee at the Delaware Correctional Center ("DCC") in Smyrna, Delaware, from November 29, 2004 to July 7, 2005. From July 7, 2005, to September 21, 2006, he was kept in the detainee tier in Secure Housing Unit ("SHU") #18 (isolation), and then the tier for death sentenced inmates within SHU #18. Plaintiff alleges that the move to SHU was unwarranted and in violation of his Eighth Amendment right against cruel and unusual punishment.

On January 4, 2007, Plaintiff filed a Motion to Appoint Counsel (D.I. 23). Plaintiff contended that the resources available to him, specifically the SHU paralegals and the library system, were inadequate and did not afford him the opportunity to

defend his case or to understand what was expected of him as plaintiff in the case. The Court denied Plaintiff's Motion, finding that Plaintiff had demonstrated an ability to present his case, there was no evidence that Plaintiff could not maneuver the Court's discovery rules, nor were the issues raised by his complaint complex. (D.I. 26).

On October 16, 2007, Plaintiff filed a Renewed Motion to Appoint Counsel (D.I. 33). Plaintiff makes several claims in support of this Motion. Plaintiff contends that because he is housed on the tier for Death Sentenced Inmates, he does not have access to any parties to conduct interviews in preparation for trial. (Id.) He further contends that various changes to the prison's administration and personnel since the beginning of this action make depositions necessary and that granting requests for discoverable materials would constitute a breach of the prison's security. (Id.) Last, Plaintiff contends that he plans to ask the jury to award compensatory and punitive damages and thus needs an expert witness. (Id.)

## II. Discussion

Indigent parties in civil cases do not have a constitutional or statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts nonetheless have discretion to request counsel to represent indigent parties under 28 U.S.C. § 1915(e)(1). Id.; 28 U.S.C. § 1915(e)(1).

Section 1915(e)(1) gives district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Before exercising its discretion, the Court must find that the claimant's case has some arguable merit in fact and law. Id., at 155. If this threshold requirement is met, the Court applies a six factor test established by the Third Circuit to determine when it is appropriate for the Court to request counsel for the indigent party:

    1) The plaintiff's ability to present his case;

    2) The difficulty of the legal issues;

    3) The degree to which factual investigation will be necessary and the plaintiff's inability to pursue such investigation;

    4) The plaintiff's ability to retain counsel on his own;

    5) The extent to which the case is likely to turn on credibility determinations; and

    6) Whether the case will require expert testimony.

Id., at 156-57. When most of these factors (the "Tabron factors") have been satisfied, a court should attempt to obtain counsel. Parham, at 461.

Though Plaintiff's case has satisfied the "arguably meritorious" requirement (D.I. 26), the Court concludes that appointment of counsel is not warranted at this time.

Under the first Tabron factor, the Court "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Tabron, at 156. The Court has previously concluded that the Plaintiff's various filings and responses to motions demonstrate his ability to present his case. (D.I. 26). He has made a number of pro se filings which outline his claims against Defendants clearly and articulately. (Id.)

Under this factor, the Court must also consider "if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." Tabron, at 156. Here, Plaintiff has access to the prison's law library. Further, his claim that he is not afforded access to any parties to conduct interviews is unsupported by any specific facts about the nature of his detention. Compare Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992) (finding that conditions of prisoner's confinement where prisoner was not allowed access to typewriter, computer or telephone severely hampered his ability to pursue his claims).

Petitioner's claim that he cannot acquire prison documents through discovery is also unsubstantiated by any specific facts. In Rayes, the inmate was "severely disadvantaged in his efforts to conduct discovery." Id., at 704. When the inmate in Rayes filed his request for access to prison files, the magistrate denied the request because it was not a proper motion under the

4

Federal Rules of Civil Procedure. Id. The inmate also believed that his access to files maintained by the prison was restricted by a Nebraska statute. Id. Here, there is no evidence that Plaintiff would be "severely disadvantaged" in his discovery attempt.

Plaintiff is thus able to effectively present his case. Even if he could not, however, the remaining Tabron factors weigh against appointment of counsel. The Court has concluded that the issue raised by Plaintiff's complaint and the proof needed to support his claims are not complex, and that, although Plaintiff's ability to conduct a factual investigation will be difficult, his case does not require extensive factual investigation. (D.I. 26). The events that constitute the basis of Plaintiff's allegations all occurred within the DCC and most of the primary facts in this case are not in dispute, thus mitigating any investigative difficulties. (Id.) Although Plaintiff lacks the funds to retain counsel, the Court concludes that this factor is not significant because indigent litigants are rarely able to afford counsel. (Id.) The Court concludes that Plaintiff's claims are not likely to turn on credibility determinations, since the parties do not dispute Plaintiff's contention that he did not cause any major incidents prior to being placed in isolation. (Id.) Finally, the Court concludes that expert testimony is unnecessary in this case because the

5

issues are not so complex as to necessitate expert opinion. (<u>Id</u>.) Nothing in Plaintiff's Renewed Motion alters the Court's previous conclusions in its Memorandum Order.

Thus, the Court concludes that Plaintiff has not sufficiently satisfied the <u>Tabron</u> factors at this juncture, and counsel should not be appointed at this time.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 5 day of March, 2008, that Plaintiff's Renewed Motion For The Appointment Of Counsel (D.I. 33) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE