IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
AMBROSE L. SYKES,                 :
                                  :
               Plaintiff,         :
                                  :
     v.                           :  Civil Action No. 06-72-JJF
                                  :
WARDEN THOMAS CARROLL,            :
et al.,                           :
```

**MEMORANDUM ORDER**

Pending before the Court are four motions filed by Plaintiff, Ambrose L. Sykes: (1) a Request To Extend Discovery Cut Off Date (D.I. 46), (2) a Motion For An Order Compelling Disclosure And Discovery from Defendant Carroll (D.I. 52), in which Plaintiff contends that the responses filed by Defendant Carroll are inadequate and incomplete, (3) a Motion For An Order Compelling Disclosure And Discovery from Defendants Burris and Holman (D.I. 53), and (4) a Motion For Leave To Depose (D.I. 56).

With respect to the discovery responses filed by Defendant Carroll, the Court has reviewed the responses and finds them to be adequate. As for the Motion For An Order Compelling Disclosure And Discovery from Defendants Burris and Holman, the Court notes that since the filing of this Motion, Defendants Burris and Holman have filed their discovery responses. Accordingly, Plaintiff's Motion is moot.

In support of his request to extend the discovery cut-off date for an additional sixty days, Plaintiff contends that he has

limited knowledge of the law and is housed in isolation which causes delays in his ability to conduct research. Plaintiff also cites the delay in receiving Defendants' responses to his Interrogatories and Requests for Production of Documents. At this juncture, however, Defendants have adequately responded to Plaintiff's discovery requests, and therefore, the Court cannot conclude that this delay supports Plaintiff's request for an extension of time. Moreover, Plaintiff has not identified what discovery he would seek, if such an extension of time were granted. In these circumstances, the Court concludes that an extension of the discovery period is not warranted.

To the extent Plaintiff seeks leave to take the depositions of certain employees of the Department of Corrections, Defendants have filed a letter indicating that they have no opposition to this request, provided that Plaintiff bear the costs of the depositions. If Plaintiff is unable to pay such costs, Defendants do not object to being served ten (10) written interrogatories each.

The Court has no authority to finance or pay for the associated discovery expenses even though Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). See e.g., Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses). To the extent Plaintiff wishes

2

to take the depositions of non-defendants, he must still issue subpoenas under Fed. R. Civ. P. 45, notwithstanding Defendants' agreement to allow non-party depositions. An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

Moreover, the taking of depositions would also entail stenographic or court reporter expenses which the Court is not authorized to pay. Plaintiff is advised that it is his responsibility to pay for the costs associated with the taking of depositions. Therefore, Plaintiff will be given twenty (20) days from the date of this Memorandum Order to make a showing that he is able to pay the expenses for the taking of the depositions.

Alternatively, Plaintiff is given the option to depose Defendants by deposition upon written questions. Defendants have agreed to ten questions, and the Court finds this number to be adequate and reasonable. If Plaintiff opts to take the route of deposition by written questions, he will be allowed to submit ten questions for each of the deponent Defendants. Again, Plaintiff will be given twenty (20) days from the date of this Memorandum Order to advise the Court if wishes to depose Defendants by written questions pursuant to Fed. R. Civ. P. 31.

Based upon the foregoing, the Court will reserve ruling on Plaintiff's Motion To Depose Defendants until such time as Plaintiff either demonstrates his financial ability to pay for the costs associated with the depositions or indicates that he is exercising his option to depose Defendants by written questions.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For An Order Compelling Disclosure And Discovery from Defendant Carroll (D.I. 52) is **DENIED**.

2. Plaintiff's Motion For An Order Compelling Disclosure And Discovery from Defendants Burris and Holman (D.I. 53) is **DENIED** as moot.

3. Plaintiff's Request To Extend Discovery Cut Off Date (D.I. 46) is **DENIED**. Depending upon the election made by Plaintiff pursuant to Paragraph 4 of this Order, the Court may reopen the discovery period for sixty (60) days from the date of Plaintiff's filing of his election notice with the Court, so as to allow the taking of depositions.

4. Decision on Plaintiff's Motion For Leave To Depose (D.I. 56) is **RESERVED**. Plaintiff must make a showing **within twenty (20) days of the date of this Memorandum Order** that he can either pay for the deposition costs or that he wishes to pursue the deposition of Defendants by written submission. IN THE EVENT PLAINTIFF FAILS TO MAKE AN ELECTION WITHIN THE TWENTY (20) DAY TIME FRAME SPECIFIED IN THIS MEMORANDUM ORDER, THE COURT WILL

4

DENY DEFENDANT'S MOTION FOR LEAVE TO DEPOSE.

April 27, 2009
DATE

UNITED STATES DISTRICT JUDGE